PONDER, Justice.
 

 This is an appeal from a judgment of the Juvenile Court for the Parish of Orleans, decreeing Bruno Diaz, the three and one-half month old infant of Mary Cicero Diaz, to be declared a neglected child as defined by Act No. 169 of 1944 and ordering the infant to be placed in St. Vincent’s Orphan Asylum.
 

 The mother of the infant went to a physician’s office on the afternoon of June 6, 1945, carrying the infant with her, to consult the physician in regards to her inability to sleep well. It appears that this physician attended her during her pregnancy and at the birth of the infant. While she was in the waiting room of the physician, the infant began to cry. The physician and his nurse endeavored to have the mother quiet the infant, but it continued to cry. The physician had the nurse place the mother and the infant in another room and informed the mother that the crying of the child was disturbing him and his patients. He testified that he returned to attend his patients, but the child continued to cry and he had his nurse to again investigate the matter. He stated he again went into the room where the mother and infant were, and requested her to leave the office and not slap the child so hard because its buttocks were all red. He testified that the mother of the infant was considerably upset and that he endeavored to get her to go home, but she would not leave the office. During the confusion, the manager of the office building called a police officer who carried the mother and infant away. The police officer testified that he was called to investigate the complaint of the physician and that when he arrived on the scene the physician requested him to have the infant taken care of for the night on account of the mother’s nervous condition. He thereupon called a police woman and instructed her to make arrangements to have the infant placed in St. Vincent’s Orphan Asylum for the night. These instructions were carried out and the child was placed in the asylum. No complaint was filed against the mother of the infant. The police officer filed a preliminary petition alleging the child to be neglected in that it was without proper parental care or guardianship and that the mother cruelly beat the infant at the office of the physician.
 

 Upon trial of the case, the physician-admitted that the infant had been well cared for, that, as far as he knew, it was in perfectly normal physical condition and that it was not a neglected child. The-probation officer of the juvenile court investigated the home of the mother of the infant and found it well furnished and comfortable. She stated that the infant
 
 *353
 
 had excellent clothing and everything a ba'by could need to make it comfortable. She further stated that the lady living next door to the home informed her that the infant was well and patiently cared for. She testified that the physician informed her that the infant’s mother should be examined by a psychiatrist before allowing her the custody of the infant. The testimony of the police woman shows that the child Was well cared for.
 

 It appears that the judge of the juvenile ■court withheld a decision in the case and instructed the mother to furnish the court with an opinion of a psychiatrist as to her ability to properly care for the infant. The case was continued from time to time and the court finally rendered the judgment complained of. It appears that the mother of the infant called in anothér physician, not a psychiatrist, to examine her and the infant. The testimony of this physician is to the effect that the mother is mentally capable of taking care of the child and that the child is well cared for by her.
 

 Counsel for the mother of the infant states, in his brief and in his argument, that the latter physician was called in in an endeavor to comply with the instructions of the judge of the juvenile court. He points out that the mother, on account of her financial condition, was not able to secure an opinion of a psychiatrist, but did the best she could by calling in this physician to comply with the instructions of the court.
 

 The evidence in this case is not sufficient to find the infant a neglected child. A neglected child is one that is abandoned by its parents or is otherwise without proper custody or guardianship. Section 4(9) (a) of Act No. 169 of 1944. The evidence conclusively shows that the child has not been abandoned by its mother and the only evidence tending to show a lack of proper guardianship is the occasion when the mother spanked the child at the physician’s office. This isolated instance, in view of the overwhelming testimony that the mother properly cared for the child, does not afford sufficient grounds to take the infant from its mother and place it in an asylum, and is not sufficient to constitute the lack of proper guardianship. Since the overwhelming testimony shows that the mother has always properly cared for the child, except on this occasion, it is only reasonable to assume that her action resulted from • agitation brought about by the repeated complaints of physician that the child was annoying him and his patients.
 

 For the reasons assigned, the judgment of the juvenile court is reversed and set aside. The custody of the infant, Bruno Diaz, is awarded to its mother, Mary Cicero Diaz.